## David Ross v. Edward Hamer and Jesse Bogue, Assignees, etc.

1.  APPEAL—*From Void Judgments.*—A court has power to grant an appeal from a void judgment.

Memorandum.—Voluntary assignments, etc. Appeal from the Circuit Court of Fulton County; the Hon. OSCAR P. BONNEY, Judge, presiding. Heard in this court at the May term, 1893. Reversed and remanded with directions. Opinion filed October 28, 1893.

The opinion states the case.

BAILY & HOLLY, attorneys for appellant.

GRAY & WAGGONER, attorneys for appellees.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Appellant filed a petition to the County Court for an order to appellees, as assignees under the insolvent act, to pay him a certain debt in full, for reasons of law and facts therein stated. It was contested, but granted, and the order made, from which they appealed to the Circuit Court, where it was heard *de novo* and a judgment entered dismissing the petition. From that judgment this appeal was taken.

After the case was submitted we were asked to dismiss the appeal because the court below had no jurisdiction of the subject-matter. That is true. Union Trust Co. v. Trumbull, 137 Ill. 146. But we did not consider it a good reason for allowing a void judgment to stand. The court below had power to grant an appeal from it. We can not now consider the subject-matter further than to determine the question of its jurisdiction, because it is not properly before us by direct appeal from the County Court. But the judgment of the Circuit Court is properly before us, and for the reasons stated it will be reversed and the cause remanded with direction to dismiss the appeal from the County Court.